United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHIRLEY BOBB SEQUEIRA,
Plaintiff,

v.

SERGIO ALBARRAN, et al.,
Defendants.

Case No. 26-cv-12133-JST

**ORDER GRANTING PRELIMINARY INJUNCTION**

The Court previously granted Petitioner Shirley Bobb Sequeira's motion for a temporary restraining order and ordered Respondents to show cause as to why a preliminary injunction should not issue. ECF No. 4. Having considered the parties' arguments in response to the order to show cause, the Court will now issue a preliminary injunction.

## I. BACKGROUND

Petitioner Shirley Bobb Sequeira fled from Nicaragua in 2023 and entered the United States without inspection on or about October 23, 2023. ECF No. 1 ¶¶ 1, 34. Bobb Sequeira was apprehended upon entry and released within 24 hours of her arrest. *Id.* Since then, Bobb Sequeira has reported to Immigration and Customs Enforcement ("ICE") in its Intensive Supervision Appearance Program ("ISAP"). *Id.* ¶¶ 1, 14. Bobb Sequeira's applications for asylum, withholding of removal, and protection under the Convention Against Torture have been pending since September 15, 2025. *Id.*

Bobb Sequeira was detained by police in December 2025 and released after several hours with a court date. *Id.* ¶ 5. "[S]he appeared on that date but there was a power outage at the court and she does not know what further steps she was supposed to take." *Id.* Respondents contend that Bobb Sequeira was arrested and charged for driving under the influence, but attach no police

report, charging document, or other official document other as evidence than a Form I-213 prepared on October 19, 2026. ECF No. 11 at 7; ECF No. 11-1. The Form I-213 does not state that Bobb Sequeira was ever charged. ECF No. 11-1. A private investigator was unable to find any criminal court records in San Joaquin County, where Bobb Sequeira was stopped in December 2025, naming Bobb Sequeira as a defendant. ECF No. 12-2.

Bobb Sequeira was re-detained on October 19, 2026, when she appeared for an ICE check-in at the San Francisco Field Office. *Id.* ¶ 5. Bobb Sequeira filed this petition for writ of habeas corpus shortly after her arrest and concurrently filed a motion for a temporary restraining order. The petition asserts claims for violations of the Administrative Procedure Act, procedural due process, and substantive due process. Respondents, all named in their official capacities, are Sergio Albarran, Field Office Director, San Francisco Immigration and Customs Enforcement Office; David Venturella, Acting Director, United States Immigration and Customs Enforcement; Markwayne Mullin, Secretary, DHS; and Todd Blanche, Attorney General of the United States.

The Court granted Bobb Sequeira's motion for a temporary restraining order and ordered Respondents to show cause as to why a preliminary injunction should not issue. *Bobb Sequeira v. Albarran, et al.*, No. 26-CV-12133, 2026 WL 3135402 (N.D. Cal. Oct. 20, 2026). The government released Petitioner from custody on October 20, 2026. ECF No. 6. Respondents also filed a timely response to the order to show cause, ECF No. 8, and Bobb Sequeira filed a timely reply, ECF No. 9.

## II. JURISDICTION

Contrary to Respondents' contention, 8 U.S.C. § 1226(e) does not limit this Court's jurisdiction to review the government's decision to re-detain Bobb Sequeira. "Although § 1226(e) restricts jurisdiction in the federal courts in some respects, it does not limit habeas jurisdiction over constitutional claims or questions of law." *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011). "[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process . . . ." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

Respondents' argument that Bobb Sequeira did not exhaust her administrative remedies is similarly unavailing. ECF No. 11 at 16. Bobb Sequeira's due process challenge is "a

United States District Court
Northern District of California

constitutional challenge beyond the competence of the [agency] to decide." *Zamorano v. Garland*, 2 F.4th 1213, 1224 (9th Cir. 2021).

Finally, Respondents argue that pursuant to 8 U.S.C. § 1252(g) bars this Court from enjoining Bobb Sequeira's removal. Section 1252(g) bars judicial review of "any cause or claim" arising from the execution of a removal order. 8 U.S.C. § 1252(g). Bobb Sequeira is not subject to a final executable removal order. This Court's order would not bar detention under 8 U.S.C. § 1231(a) if Bobb Sequeira became subject to a final, executable order of removal.

The Court finds that it has jurisdiction over Bobb Sequeira's procedural due process claim.

## III. LEGAL STANDARD

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the moving party "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Id.* at 20. A court may "balance the elements" of this test, "so long as a certain threshold showing is made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam). Thus, for example, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (citation modified).

## IV. DISCUSSION

### A. Likelihood of Success

#### 1. Procedural Due Process

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, "no person shall be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533

U.S. 678, 690 (2001). In *Mathews v. Eldridge*, the Supreme Court identified three factors relevant to the procedural due process inquiry. 424 U.S. 319, 332 (1976). The Ninth Circuit has assumed without deciding that the *Mathews* test applies to due process challenges in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2016).

Courts applying the *Mathews v. Eldridge* factors to similar claims by similarly situated petitioners have consistently held that "absent evidence of urgent concerns, a *pre*-deprivation hearing is required to satisfy due process" for noncitizens released on bond, including those who have been arrested for offenses such as driving under the influence since being released. *Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025) (emphasis in original); *see Mucu Maaz v. Albarran*, No. 26-CV-08452, 2026 WL 2447545 (N.D. Cal. Aug. 20, 2026) (collecting cases); *Bermudez Navarrete v. Albarran*, No. 26-CV-07444, 2026 WL 2199522, at *4 (N.D. Cal. July 30, 2026). The Court finds that all three *Mathews* factors require that Bobb Sequeira be given notice and a pre-deprivation hearing before a neutral decisionmaker prior to being taken into custody.

At any such pre-deprivation hearing, "the government must prove by clear and convincing evidence that a[] [petitioner] is a flight risk or a danger to the community to justify denial of bond." *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).[1] The Court rejects Respondents' argument that Bobb Sequeira should bear the burden of proving that she is not a flight risk or a danger to the community. Bobb Sequeira's "initial release reflected a determination by the government that [she is] not a danger to the community or a flight risk. Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *Bautista Pico v. Noem*, No. 25-CV-08002, 2025 WL 3295382, at *3 (N.D. Cal. Nov. 26, 2025).

Respondents' arguments to the contrary are unavailing. First, Respondents urge the Court

---

[1] Contrary to Respondents' contentions, *Singh v. Holder*'s constitutional holding, which was based on constitutional principles rather than statutory interpretation, remains binding law. *See Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1092 n.5 (2025) (*Singh*'s constitutional holding . . . remains binding law") (quoting *Rodriguez Diaz v. Garland*, 83 F.4th 1177, 1179 (9th Cir. 2023) (mem.) (Paez, J., dissenting from denial of rehearing en banc)).

to apply the "less demanding standard" from *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), based on the D.C. Circuit's decision in *Make the Rd. New York v. Mullin*, 179 F.4th 16 (D.C. Cir. 2026). ECF No. 11 at 13. *Make the Road* is inapposite, analyzing the due process required in the expedited-removal screening process rather than the constitutionality of an individual's physical confinement without a pre-deprivation hearing. 179 F.4th at 33–34. Furthermore, the Ninth Circuit has consistently applied the Mathews test to non-citizens due process challenges. *See Rodriguez Diaz*, 53 F.4th at 1206–07 (collecting cases). And numerous district courts, including this Court, have applied *Mathews* to claims like Bobb Sequeira's. *See, e.g.*, *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025); *Bermudez Navarrete*, 2026 WL 2199522, at *4; *Mucu Maaz v. Albarran*, 2026 WL 2447545, at *2. The Court declines Respondents' invitation to depart from Ninth Circuit precedent and the longstanding practice of courts in this district.

Second, Respondents, relying on *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), contend that Bobb Sequeira has no rights under the Due Process Clause because she entered the United States without being admitted. ECF No. 11 at 14–15. The Ninth Circuit has squarely rejected Respondents' "extravagant reading of *Thuraissigiam*." *Padilla v. United States Immigr. & Customs Enf't*, No. 24-2801, 2026 WL 2822044, at *14 (9th Cir. Sept. 21, 2026). "[E]xcept for the extremely narrow category of people covered by the entry fiction, every person in the United States is entitled the Fifth Amendment's guarantee of due process, regardless of their citizenship or legal status." *Id.* at *15. Bobb Sequeira has lived in the United States for over three years since being released and therefore has a right to due process.

Third, Respondents contend that Bobb Sequeira's December 2025 arrest constituted a material change in circumstances and necessitated Bobb Sequeira's re-detention without hearing in the interest of public safety. ECF No. 11 at 11–12. "Certainly, there may be situations that urgently required arrest, in which a prompt post-deprivation hearing is appropriate." *Guillermo M.R.*, 791 F. Supp. 3d at 1036. Here, however, no such urgency exists. An arrest without conviction does not "typically give rise to the urgency required to justify a post-deprivation hearing." *Mena v. Albarran*, No. 26-CV-04749, 2026 WL 1549201, at *4 (N.D. Cal. June 1,

2026); *Id.* (collecting cases). Moreover, "[s]tale conduct is particularly unlikely to give rise to the kind of exigency necessary to abrogate due process." *Id.* (concluding that a ten-month-old arrest and charge for carrying a concealed firearm does not constitute "the kind of exigency that would justify abrogating due process"). Bobb Sequeira's ten-month-old arrest for driving under the influence, for which there is no evidence that she was ultimately charged with a crime, does not constitute such an exigency.

Respondents' argument to the contrary relies on cases that pre-date substantial intervening precedent and do not address the procedural due process required for re-detention. *Bello Reyes v. McAleenan* involved a retaliatory free speech claim and was subsequently reversed. 2019 WL 5214051, at *4 (N.D. Cal. July 16, 2019) *rev'd and remanded sub. nom. Bello-Reyes v. Gaynor*, 958 F.3d 696 (9th Cir. 2021). *United States v. Cisneros* addressed a motion to suppress in a criminal case and involved a materially different situation wherein "ICE was working with local law enforcement related to the underlying arrest" for gang-related assaults. *Mucu Maaz*, 2006 WL 244754, at *3; *United States v. Cisneros*, 2021 WL 5908407, at *1 (N.D. Cal. Dec. 14, 2021).

In sum, Bobb Sequeira is likely to succeed on the merits of her claim that she has a due process right to a pre-deprivation hearing during which the government bears the burden of proof by clear and convincing evidence.

**B. Remaining *Winter* Factors**

The remaining *Winter* factors tilt sharply in Bobb Sequeira's favor. As to the second *Winter* factor, "[i]t is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez*, 872 F.3d at 994 (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). "As to the third and fourth *Winter* factors, which merge in this case against the Government, the public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Ayala v. Albarran*, No. 26-cv-03092, 2026 WL 1179862, at *4 (N.D. Cal. Apr. 30, 2026) (citation modified). Moreover, the government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).

Accordingly, the Court will issue a preliminary injunction.[2]

**C. Security**

Finally, the Court considers whether Bobb Sequeira should be required to "give[ ] security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Respondents do not request the posting of any security and have "no plausible argument that [they] will be harmed by a bond hearing requirement. Accordingly, [the] Court finds that no security is required here." *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1043–44 (N.D. Cal. 2025); *see also, e.g.*, *Oliveros v. Kaiser*, No. 25-CV-07117, 2025 WL 2677125, at *10 (N.D. Cal. Sept. 18, 2025).

**CONCLUSION**

For the above reasons, the Court enters preliminary injunctive relief in favor of Bobb Sequeira. Respondents are enjoined from re-detaining Bobb Sequeira without notice and a pre-deprivation hearing before a neutral immigration judge at which the government establishes, by clear and convincing evidence, that re-detention is warranted because, based on changed circumstances, Bobb Sequeira poses a danger to the community or a flight risk that can be mitigated only by detention. Respondents are enjoined from transferring Bobb Sequeira out of this district or deporting her pending these habeas proceedings. This order shall remain in effect until further order of the Court or upon the issuance of a final executable order of removal. No security is required.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Bobb Sequeira also contends that re-detention would violate her substantive due process rights and that her detention was unlawful under the court's order in *Garro Pinchi v. Noem*, 813 F. Supp. 3d 973 (N.D. Cal.). ECF No. 1 at 17, 19–20. Because the procedural due process issue is dispositive, the Court need not address either claim.



United States District Court
Northern District of California

United States District Court
Northern District of California

The parties shall meet and confer and, within 14 days of the date of this order, propose a schedule for resolving the remainder of this case or a stipulation that the reasoning in this order warrants granting the petition and entering judgment.

**IT IS SO ORDERED.**

Dated: November 4, 2026

JON S. TIGAR
United States District Judge