SHIRA LEVINE (SBN 293080)
slevine@iibayarea.org
IMMIGRATION INSTITUTE OF THE BAY AREA
476 3rd Street
Oakland, CA 94607
Telephone: (734) 262-1930

Attorney for Petitioner

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| SHIRLEY BOBB SEQUEIRA,<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, Field Office Director of the San Francisco Immigration and Customs Enforcement Office; DAVID J. VENTURELLA, Acting Director of United States Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security; TODD BLANCHE, Attorney General of the United States, acting in their official capacities,<br><br>Respondents. | Case No. 4:26-cv-12133-JST<br><br>**JOINT STIPULATION AND [~~PROPOSED~~] ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ENTERING JUDGMENT** |

Petitioner Shirley Bobb Sequeira and Respondents Sergio Albarran, David J. Venturella, Markwayne Mullin, and Todd Blanche (together, "the parties"), through their counsel of record, submit this joint stipulation in response to the Court's Order Granting Preliminary Injunction, ECF No. 14, and jointly request that the Court enter the proposed order below.

## RECITALS

1. On October 19, 2026, Petitioner filed a Verified Petition for Writ of Habeas Corpus challenging her re-detention that day by United States Immigration and Customs Enforcement. ECF No. 1. She moved the same day for a temporary restraining order. ECF No. 3.

2. On October 20, 2026, the Court granted the motion and ordered Respondents to show cause why a preliminary injunction should not issue. ECF No. 4. Respondents released Petitioner from custody the same day. ECF No. 6.

3. On November 4, 2026, after briefing on the order to show cause, the Court granted a preliminary injunction. ECF No. 14. The Court held that it has jurisdiction over Petitioner's procedural due process claim, *id.* at 2–3, and that Petitioner "is likely to succeed on the merits of her claim that she has a due process right to a pre-deprivation hearing during which the government bears the burden of proof by clear and convincing evidence," *id.* at 6. The Court found that the remaining *Winter* factors "tilt sharply" in Petitioner's favor and that no security is required. *Id.* at 6–7.

4. The Court enjoined Respondents "from re-detaining Bobb Sequeira without notice and a pre-deprivation hearing before a neutral immigration judge at which the government establishes, by clear and convincing evidence, that re-detention is warranted because, based on changed circumstances, Bobb Sequeira poses a danger to the community or a flight risk that can be mitigated only by detention," and "from transferring Bobb Sequeira out of this district or deporting her pending these habeas proceedings." *Id.* at 7. The order "shall remain in effect until further order of the Court or upon the issuance of a final executable order of removal." *Id.*

5. The Court directed the parties to "meet and confer and, within 14 days of the date of this order, propose a schedule for resolving the remainder of this case or a stipulation that the reasoning in this order warrants granting the petition and entering judgment." *Id.* at 8.

6. Counsel for the parties met and conferred on November 12, 2026. Respondents maintain their opposition to Petitioner's claims and disagree with the Court's conclusions in the preliminary injunction. However, Respondents have no additional argument to add to the record.

Accordingly, the parties have agreed that no schedule for further proceedings is needed Assuming the Court maintains its prior reasoning, the parties agree that the reasoning in the preliminary injunctions order warrants granting the petition and entering judgment.

**STIPULATION**

The parties therefore stipulate, and jointly request that the Court order, as follows:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is granted on Petitioner's procedural due process claim, for the reasons stated in the Court's Order Granting Preliminary Injunction, ECF No. 14.

2. Because the procedural due process claim is dispositive, the Court need not reach Petitioner's remaining claims, which are dismissed without prejudice.

3. Judgment shall be entered for Petitioner, and the preliminary injunction shall continue as a permanent injunction on the following terms:

a. Respondents are enjoined from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral immigration judge at which the government establishes, by clear and convincing evidence, that re-detention is warranted because, based on changed circumstances, Petitioner poses a danger to the community or a flight risk that can be mitigated only by detention.

c. The injunction shall remain in effect until further order of the Court or the issuance of a final, executable order of removal.

d. No security is required.

4. This stipulation does not waive Petitioner's right to seek attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, or Respondents' right to oppose any such request.

5. The Clerk shall enter judgment for Petitioner and close the file. The judgment resolves all claims against all parties. The Court shall retain jurisdiction to enforce the terms of the permanent injunction.

IT IS SO STIPULATED.

Dated: November 12, 2026

/s/ Shira Levine
SHIRA LEVINE
Immigration Institute of the Bay Area
Attorney for Petitioner

Dated: November 12, 2026

CRAIG H. MISSAKIAN
United States Attorney

/s/ William Skewes-Cox*
WILLIAM SKEWES-COX
Special Assistant United States Attorney
Attorneys for Respondents

**ATTESTATION**

*Pursuant to Civil L.R. 5-1(i)(3), the undersigned attests that concurrence in the filing of this document has been obtained from each of the other Signatories.

Dated: November 12, 2026

/s/ Shira Levine
SHIRA LEVINE

**[~~PROPOSED~~] ORDER**

The Court has considered the parties' Joint Stipulation. Good cause appearing, and for the reasons stated in the Court's Order Granting Preliminary Injunction, ECF No. 14, IT IS ORDERED that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is GRANTED on Petitioner's procedural due process claim. The Court does not reach Petitioner's remaining claims, which are DISMISSED without prejudice.

2. Respondents are enjoined from re-detaining Petitioner Shirley Bobb Sequeira without notice and a pre-deprivation hearing before a neutral immigration judge at which the government establishes, by clear and convincing evidence, that re-detention is warranted because, based on changed circumstances, Petitioner poses a danger to the community or a flight risk that can be mitigated only by detention.

4. This injunction shall remain in effect until further order of the Court or the issuance of a final, executable order of removal. No security is required.

5. Nothing in this Order waives Petitioner's right to seek attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, or Respondents' right to oppose any such request.

6. The Clerk shall enter judgment for Petitioner and close the file. The Court retains jurisdiction to enforce the terms of this injunction.

IT IS SO ORDERED.

Dated: November 17, 2026

JON S. TIGAR
United States District Judge